ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone:  (310) 443-4139
Facsimile:  (310) 943-2255

Attorneys for Plaintiff
LAURA BALLEGEER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA BALLEGEER,<br><br>       Plaintiff,<br><br>    vs.<br><br>MOTION REPOSSESSORS, INC.,<br>WELLS FARGO BANK, N.A., and<br>DOES 1 through 10, inclusive,<br><br>      Defendants. | Case No:  15-CV-7707<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(2) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(3)  CONVERSION** |

Plaintiff Laura Ballegeer hereby complains against defendants Motion
Repossessors, Inc., Wells Fargo Bank, N.A., and Does 1-10, and alleges on
information and belief as follows:

## OPERATIVE FACTS

1.      Plaintiff's father Ronald Ballegeer purchased an automobile on credit,
which was financed by Wells Fargo Bank, N.A.  Wells Fargo took a security
interest in the vehicle, which was collateral for the loan. Ronald Ballegeer passed
away, and plaintiff was an heir to his estate.  Plaintiff contacted Wells Fargo to
inform it of the death of her father, and to state her intent to pay off the loan as her
father's heir, as soon as the probate was completed. Wells Fargo promised plaintiff
it would not repossess the vehicle until plaintiff could obtain the proper probate
papers naming her as legal heir. However, without informing plaintiff of its
intentions, Wells Fargo hired defendant Motion Repossessors to repossess
plaintiff's vehicle.

2.      Defendants Motion Repossessors and the Doe defendants repossessed
plaintiff's vehicle by entering plaintiff's secured and gated residential apartment
complex, without permission. Accordingly, defendants breached the peace in the
repossession of plaintiff's vehicle, in violation of Commercial Code § 9609 and the
Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d).

3.      Defendants Motion Repossessors and the Doe defendants also seized
plaintiff's personal possessions inside the vehicle. Plaintiff went to Motion
Repossessors to get her personal possessions. Before being permitted to inspect and
verify her personal possessions, defendants insisted that plaintiff to sign a written
waiver of any legal claims she had against Motion Repossessors and the lienholder,
Wells Fargo. Plaintiff initially refused, but was forced to sign when defendants
continued to refuse her access to her possessions. Such waivers are illegal and
unenforceable under the Rosenthal Fair Debt Collection Practices Act.

4.      Motion Repossessors and the Doe defendants would not permit

1

1  plaintiff to look at her possessions at their premises.  Motion Repossessor's security

2  guard took plaintiff to the gate, dumped plaintiff's possessions in the street, and

3  forced plaintiff to go through them there to humiliate her, stating that she was

4  trespassing and would be arrested.

5      5.     Plaintiff called Wells Fargo and requested to reinstate her contract, as

6  was her right under the Rees-Levering Act.  Wells Fargo falsely told plaintiff orally

7  that she could not reinstate her contract, while deceptively sending her a

8  contradictory written notice, stating that she could reinstate. With assistance of

9  counsel, plaintiff ultimately reinstated, but was forced to pay Wells Fargo for

10  Motion Repossessors' repossession fees.

11                        **JURISDICTION AND VENUE**

12      6.     The court has original jurisdiction over this matter pursuant to 15

13  U.S.C. § 1692k(d).  The court has supplemental jurisdiction over the state law

14  claims pursuant to 28 U.S.C. § 1367.

15      7.     Venue is proper in the Central District of California because a

16  substantial part of the events or omissions giving rise to the claim occurred in this

17  district, and defendants are subject to the court's personal jurisdiction in this

18  district.

19                                **PARTIES**

20      8.     Plaintiff is a natural person over the age of 18 years and is a resident of

21  the state of California, County of Los Angeles.

22      9.     Defendant Motion Repossessors, Inc. is a California corporation.

23      10.    Defendant Wells Fargo Bank, N.A. is a national bank doing business

24  in California.

25      11.    Defendants Does 1 through 10 are persons or entities whose true

26  names and capacities are presently unknown to plaintiff, and who therefore are sued

27  by such fictitious names.   Plaintiff is informed and believes and thereon alleges

28  that each of the fictitiously named defendants perpetrated some or all of the

                                    2
                                                          COMPLAINT

1    wrongful acts alleged herein, is responsible in some manner for the matters alleged

2    herein, and is jointly and severally liable to plaintiff.  Plaintiff will seek leave of

3    court to amend this complaint to state the true names and capacities of such

4    fictitiously named defendants when ascertained.

5         12.    At all times mentioned herein, each defendant was the agent or

6    employee of each of the other defendants and was acting within the course and

7    scope of such agency or employment.  The defendants are jointly and severally

8    liable to plaintiff.

9                        **FIRST CAUSE OF ACTION**

10   **(Against Defendants Motion Repossessors and the Doe Defendants for
     Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

11        13.    Plaintiff realleges and incorporates herein by reference the allegations

12   of all paragraphs above.

13        14.    Plaintiff is a "consumer" who allegedly owed a "debt", and defendants

14   are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a.  Defendants

15   use instrumentalities of interstate commerce or the mails in a business the principal

16   purpose of which is the enforcement of security interests.

17        15.    Defendants violated 15 U.S.C. § 1692f(6) by taking nonjudicial action

18   to effect dispossession or disablement of property when (1) there was no present

19   right to possession of the property claimed as collateral through an enforceable

20   security interest; and/or (2) the property was exempt by law from such

21   dispossession or disablement.

22        16.    Defendants had no present right to repossess plaintiff's vehicle from a

23   secured area without permission, but did so in violation of Commercial Code §

24   9609 and the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d).

25        17.    Plaintiff is entitled to any actual damages sustained by her as a result

26   of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. §

27   1692k.

28        18.    Plaintiff is entitled to statutory damages of $1,000 against each

                                        3

defendant, pursuant to 15 U.S.C. § 1692k.  Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally.  The nature of defendants' violations justifies the maximum statutory damages award available.

19.    Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
### (Against all Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)

20.    Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

21.    The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

22.    Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that she is a natural person from whom defendants sought to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Civil Code § 1788.2(d).

23.    The defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

24.    Defendants Motion Repossessors and the Doe Defendants violated Civil Code § 1788.10(a) by using criminal means to cause harm to the property of plaintiff. Defendants Motion Repossessors and the Doe Defendants (1) violated Bus. & Prof. Code § 7502.1(a) and committed a misdemeanor, by violating Bus. & Prof. Code § 7508.2(d).

25.    Defendants Motion Repossessors and the Doe Defendants violated Civil Code § 1788.10(f) and Civil Code § 1788.17 by making false threats of arrest and charges of trespass, when they had no intent and no right to make such charges. Defendant Wells Fargo is vicariously liable for this violation.

26.    Defendants Motion Repossessors and the Doe Defendants violated Civil Code § 1788.33 by forcing plaintiff to sign a waiver of her rights under the Rosenthal Act. Defendant Wells Fargo is vicariously liable for this violation.

27.    Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which was to harass, oppress, or abuse plaintiff in connection with the collection of an alleged debt.

28.    Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692e, by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

29.    Defendants Motion Repossessors and the Doe Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

30.    As a proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts which are subject to proof. Plaintiff is entitled to recover her actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

31.    Defendants' violations of the Rosenthal Act were willful and knowing.

Plaintiff is entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

32.    Plaintiff is entitled to recover her attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below

### THIRD CAUSE OF ACTION
**(Against All Defendants For Conversion)**

33.    Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

34.    Plaintiff was entitled to immediate possession of her vehicle when it was repossessed by defendants. Defendants were not entitled to breach of the peace in order to repossess the vehicle. Defendant Wells Fargo had promised not to repossess the vehicle.

35.    Defendants wrongfully deprived plaintiff of possession of her vehicle by repossessing it without any present right to do so.

36.    Plaintiff has suffered and is entitled to recover damages for defendants' conversion.

37.    Defendants acted with malice, oppression, and/or fraud towards plaintiff within the meaning of Civil Code § 3294, thereby entitling her to an award of punitive damages. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

WHEREFORE, plaintiff prays for relief as set forth below.

COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

1.  For actual damages;

2.  For statutory damages;

3.  For punitive damages;

4.  For pre-judgment interest to the extent permitted by law;

5.  For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

6.  For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury under the United States and California constitutions.


Dated:  October 1, 2015                 Respectfully Submitted,

TRUEBLOOD LAW FIRM


By:    _____/s/_____
                Alexander B. Trueblood

Attorneys for Plaintiff
LAURA BALLEGEER

7

COMPLAINT