1  Stephanie Berman Schneider, Esq. - SBN 168519
   Howard Smith, Esq. - SBN 166571
2  BERMAN BERMAN BERMAN
   SCHNEIDER & LOWARY, LLP
3  11900 West Olympic Boulevard, Suite 600
   Los Angeles, California 90064-1151
4  Telephone: (310) 447-9000
   Facsimile: (310) 447-9011
5
   Attorneys for Defendant,
6  MOTION RESPOSSESSORS, INC.

7

## UNITED STATES DISTRICT COURT FOR

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA BALLEGEER, | CASE NO. 15-CV-7707- JAK-GJS |
| Plaintiff, | (Complaint Filed: 10/01/15) |
| vs. | **ANSWER OF DEFENDANT MOTION RESPOSSESSORS, INC. TO COMPLAINT OF PLAINTIFF LAURA BALLEGEER; DEMAND FOR JURY TRIAL** |
| MOTION RESPOSSESSORS, INC. WELLS FARGO BANK, N.A. and DOES 1 through 10, inclusive | |
| Defendants. | Assigned to: Judge John A. Kronstadt Referred to: Magistrate Judge Gail J. Standish |

Defendant MOTION RESPOSSESSORS, INC. ("Defendant"), for itself alone, submits this Answer to the Complaint of Plaintiff LAURA BALLEGEER ("Plaintiff"):

## OPERATIVE FACTS

1. Defendant denies the allegations in paragraph 1 of Plaintiff's Complaint.

2. Defendant denies the allegations in paragraph 2 of Plaintiff's Complaint.

3. Defendant denies the allegations in paragraph 3 of Plaintiff's Complaint.

4. Defendant denies the allegations in paragraph 4 of Plaintiff's Complaint.

5. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 of Plaintiff's Complaint, and therefore denies same.

## JURISDICTION AND VENUE

6. Defendant denies the allegations in paragraph 6.

7. Defendant denies the allegations in paragraph 7.

8. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 8 of Plaintiff's Complaint, and therefore denies same.

9. Admit.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 of Plaintiff's Complaint, and therefore denies same.

11. Defendant denies the allegations in paragraph 11.

12. Defendant denies the allegations in paragraph 12.

## FIRST CAUSE OF ACTION

## (VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT)

(Against Defendant Motion Repossessors and Doe Defendants)

13. In response to paragraph 13 of Plaintiff's Complaint, Defendant hereby reasserts its responses set forth in the foregoing paragraphs 1-12 of this answer as though the same were fully set forth herein.

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

///

///

///

///

## SECOND CAUSE OF ACTION
## (VIOLATION OF CALIFONRIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT)

(Against All Defendants)

20.  In response to paragraph 20 of Plaintiff's Complaint, Defendant hereby reasserts its responses set forth in the foregoing paragraphs 1-19 of this answer as though the same were fully set forth herein.

21.  Defendant admits that paragraph 21 sets forth verbatim specific language contained in <u>California Civil Code Section 1788.1, subsections (a)(2) and (b)</u>.

22.  Defendant denies the allegations in paragraph 22.

23.  Defendant denies the allegations in paragraph 23.

24.  Defendant denies the allegations in paragraph 24.

25.  Defendant denies the allegations in paragraph 25.

26.  Defendant denies the allegations in paragraph 26.

27.  Defendant denies the allegations in paragraph 27.

28.  Defendant denies the allegations in paragraph 28.

29.  Defendant denies the allegations in paragraph 29.

30.  Defendant denies the allegations in paragraph 30.

31.  Defendant denies the allegations in paragraph 31.

32.  Defendant denies the allegations in paragraph 32.

## THIRD CAUSE OF ACTION
## (CONVERSION)

(Against All Defendants)

33.  In response to paragraph 33 of Plaintiff's Complaint, Defendant hereby reasserts its responses set forth in the foregoing paragraphs 1-32 of this answer as though the same were fully set forth herein.

34.  Defendant denies the allegations in paragraph 34.

35.  Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

37. Defendant denies the allegations in paragraph 37.

### FOR AN AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES:

38. Plaintiff lacks standing to pursue any of the causes of action alleged in her Complaint.

### FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES:

39. Neither the Complaint nor any cause of action thereof states facts sufficient to constitute a cause of action against this answering Defendant.

### FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES:

40. The Complaint is barred as against this answering Defendant by the statutes of limitation, including, but not limited to, 15 U.S.C. section 1692k(d), California Civil Code Sections 1783 and 1788.30(f), and California Code of Civil Procedure Sections 335.1, 338, 340 and 343.

### FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES:

41. If Plaintiff suffered any damages, which this answering Defendant specifically denies, said damages were the proximate result of the sole actions of persons and/or entities over whom this Defendant had no control, and any recovery against this answering Defendant must be barred or reduced in proportion to the amount of fault attributable to said persons and/or entities.

### FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES:

42. Plaintiff's Complaint is barred under the equitable doctrine of Laches.

/ / /

/ / /

**FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES**:

43. Plaintiff's Complaint is barred under the doctrine of Unclean Hands.

**FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES**:

44. That Defendant is entitled to the right of indemnification by apportionment against all other parties and persons whose negligence contributed proximately to the happening of the claimed incident or alleged injuries.

**FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES**:

45. That Defendant is entitled to the right of contribution from any person whose negligence proximately contributed to the happening of the claimed incident or alleged injuries if said Plaintiff should receive a verdict against this answering Defendant.

**FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES**:

46. That Plaintiff, by her actions, has waived the right, if any, to seek the relief requested in the Complaint.

**FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES**:

47. That Plaintiff failed to mitigate her damages, if any, in that she failed to use reasonable diligence in caring for his injuries and reasonable means to prevent aggravation of said injuries.

**FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES**:

48. The purported violations of the federal and state Fair Debt Collections Practices Act were not intentional and resulted from a bona fide error, despite the maintenance of procedures reasonably adopted to avoid any such violation(s).

**FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES**:

49. Defendant cured any purported violations of the Fair Debt Collection Practices Act within the time permitted under Cal. Civil Code Section 1788.30(d).

**FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES**:

50. Defendant alleges that it may have other, separate, and additional defenses of which they are not presently aware, and hereby reserve the right to assert them by amendment to this answer when discovery is complete.

DATED: November 24, 2015

        BERMAN BERMAN BERMAN SCHNEIDER & LOWARY, LLP

By: /s/
STEPHANIE BERMAN SCHNEIDER
HOWARD SMITH
Attorneys for Defendant,
MOTION RESPOSSESSORS, INC.

## DEMAND FOR JURY TRIAL

Defendant MOTION RESPOSSESSORS, INC., hereby demands a trial by jury in the above entitled action.

DATED: November 24, 2015

BERMAN BERMAN BERMAN
SCHNEIDER & LOWARY, LLP

By: /s/
STEPHANIE BERMAN SCHNEIDER
HOWARD SMITH
Attorneys for Defendant,
MOTION RESPOSSESSORS, INC.