1  DARRYL J. HOROWITT  #100898
   JUDITH M. SASAKI  #119442
2  COLEMAN & HOROWITT, LLP
   Attorneys at Law
3  1880 Century Park East, Suite 404
   Los Angeles, California 90067
4  Telephone:  (310) 286-0233
   Facsimile:  (310) 203-3870
5  E-Mail:   dhorowitt@ch-law.com
              jsasaki@ch-law.com
6

7  Attorneys for Defendant,
   WELLS FARGO DEALER SERVICES,
8  a Division of WELLS FARGO BANK, N.A.

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  LAURA BALLEGEER, | NO.   15-CV-7707-JAK-GJS |
| 14           Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS;** |
| 15      v. | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 16  MOTION REPOSSESSORS, INC., WELLS FARGO BANK, N.A., and | |
| 17  DOES 1 through 10, inclusive, | Date:    March 21, 2016 |
|                                    | Time:    8:30 a.m. |
| 18           Defendants. | Ctrm:    750 |
| 19 | |
|    | Complaint filed:   October 5, 2015 |
| 20 | |

26  / / /

27  / / /

28  / / /

1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on March 21, 2016, at 8:30 a.m., in the Courtroom of Honorable John A. Kronstadt, located at 255 East Temple Street, Los Angeles, CA 90012, Defendant WELLS FARGO BANK, N.A. will, and hereby does, move the court for an order dismissing the Complaint as to Plaintiff's first, second, and third claims for relief. This motion is brought pursuant to Federal Rules of Civil Procedure Rule 12b(6), and on the grounds that Plaintiff has failed to state facts sufficient to constitute a cause of action against moving party as to any of her claims for relief. In compliance with Local Rule 7-3, the parties meet and conferred regarding the viability of Plaintiff's claims against Wells Fargo but were unable to resolve the matter.

This motion shall be based on this notice of motion, the accompanying memorandum of points and authorities, the papers and pleadings on file herein, and on such oral argument as may be presented at the hearing on this matter.

Dated: November 30, 2015        COLEMAN & HOROWITT, LLP

By:   /s/ Judith M. Sasaki
JUDITH M. SASAKI
Attorneys for Defendant,
WELLS FARGO DEALER
SERVICES, a Division of WELLS
FARGO BANK, N.A.

1  Defendant, WELLS FARGO BANK, N.A. ("WFB"), submits the following
2  Memorandum of Points and Authorities in support of its motion to dismiss the
3  Complaint in the above-captioned matter[1]:

## I. INTRODUCTION

By this action, Plaintiff Laura Ballegeer ("Ballegeer"), who never borrowed money from Defendant WFB, asserts claims for deceptive debt collection practices under the California Fair Debt Collections Practices Act ("Rosenthal Act"). Ballegeer's claims are over the repossession of a car she claims she would be entitled to as a beneficiary of the debtor's estate - even though she admits that the vehicle was repossessed before "plaintiff could obtain the proper papers naming her as legal heir." [Compl., ¶1.] The Rosenthal Act does not apply to Plaintiff, who is not a "debtor," did not acquire "consumer debt," and did not enter into a "consumer credit transaction" with WFB relating to the car at issue. Plaintiff has no standing to make any claim under the Rosenthal Act and her Rosenthal Act claims against WFB should summarily be dismissed.

Furthermore, Ballegeer's claim for conversion of the car, which she admits was not her car at the time it was repossessed, is also wholly without merit.

## II. FACTS RELEVANT TO THIS MOTION

Plaintiff claims to be a beneficiary of the Estate of Ronald Ballegeer. Mr. Balleggeer purchased a vehicle that was financed by WFB. [Compl., ¶¶ 1, 8.] After Mr. Ballegeer died, WFB repossessed the vehicle [*id*., ¶¶ 1, 2], as was permitted by the finance agreement. Plaintiff contends that because she was supposed to eventually inherit the car [Compl., ¶1] , WFB violated her rights under

---

[1] In compliance with Local Rule 7-3, the parties meet and conferred regarding the viability of Plaintiff's claims against Wells Fargo but were unable to resolve the matter.

the Rosenthal Act. [Compl., ¶21.]

Plaintiff has pleaded two causes of action against WFB: (1) Violation of the Rosenthal Fair Debt Collection Practices Act [2nd Cause of Action] and; (2) Conversion [3rd Cause of Action].

### III. PLAINTIFF HAS FAILED TO STATE ANY VIABLE CLAIM AGAINST WFB

Rule 12(b)(6) permits a party to move to dismiss a claim for relief because it fails "to state a claim upon which relief may be granted." The motion is to be granted where there is a lack of "cognizable legal theory"or "the absence of sufficient facts alleged under the cognizable legal theory." (See *Balistreri v. Pacifica Police Dept.* , 901 F.2d 696, 699 (9th Cir. 1990).) A motion brought under Rule 12(b)(6) may be granted as to the entire complaint or less than all of the claims here. [*See* Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial (TRG 2006), ¶ 9:189.]

This motion is directed as to the entire Complaint because no claim upon which relief may be granted has been pleaded even giving Plaintiff every benefit of the statements asserted in the Complaint.

#### A. Plaintiff Is Not a "Debtor" Protected Under the Rosenthal Act

The Rosenthal Act applies to "consumer debt" as a result of a "consumer credit transaction." California Civil Code Section 1788.2. The term "debtor" means "a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person." Cal. Civ. Code §1788.2(h)). The Act is very specific as to whom it applies and protects:

4

(d) The term "debt" means money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person.

(e) The term "consumer credit transaction" means a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes.

(f) The terms "consumer debt" and "consumer credit" mean money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.

(g) The term "person" means a natural person, partnership, corporation, limited liability company, trust, estate, cooperative, association or other similar entity.

(h) Except as provided in Section 1788.18[2], the term "debtor" means a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person.

Plaintiff did not acquire "consumer debt" and did not enter into a "consumer

---

[2] California Civil Code §1788.18 refers to a cease in collection activities upon receipt of certain information from a debtor and has no application here.

credit transaction" with WFB. [Compl., ¶1.] In addition, Plaintiff is not making a claim on behalf of the estate of the borrower. [Compl., ¶8.] Plaintiff is not a "debtor" from whom WFB was seeking to collect a consumer debt. Accordingly, there simply is no basis for a claim against WFB under the Rosenthal Act.

### B. The Car Did Not Belong To Plaintiff, Therefore It Cannot Be Stolen From Her

Plaintiff fails to meet the essential premise of a conversion claim: the plaintiff's ownership or right to possession of property. "'Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages....' [Citation.]" (*Los Angeles Federal Credit Union v. Madatyan* (2012) 209 Cal.App.4th 1383, 1387, 147 Cal.Rptr.3d 768; see CACI 2100; *Gruber v. Pacific States Sav. & Loan Co.* (1939) 13 Cal.2d 144, 148, 88 P.2d 137 [conversion is the wrongful exercise of dominion "over another's personal property in denial of or inconsistent with his rights therein"].) *See*, *Welco Elecs., Inc. v. Mora* (2014) 223 Cal. App. 4th 202, 208, 166 Cal. Rptr. 3d 877, 881, reh'g denied (Feb. 19, 2014).

Plaintiff never was on title, Plaintiff never purchased the vehicle, and Plaintiff never borrowed money for the purchase of the car. There is no possible conversion claim on these admitted facts. And, considering the facts admitted in the Complaint, there is no possible amendment which could lead to a claim.

/ / /

/ / /

/ / /

1  **IV. CONCLUSION**

2      For the foregoing reasons WFB respectfully requests that the Complaint as

3  against WFB be dismissed without leave to amend.

5  Dated: November 30, 2015        COLEMAN & HOROWITT, LLP

7                                         By:   */s/* Judith M. Sasaki
                                                   JUDITH M. SASAKI
                                                   Attorneys for Defendant,
8                                                    WELLS FARGO DEALER
                                                   SERVICES, a Division of WELLS
9                                                    FARGO BANK, N.A.

# PROOF OF SERVICE

I declare that I am a resident of the County of Los Angeles. I am over the age of eighteen (18) years and not a party to the within action. My business address is 1880 Century Park East, Suite 404, Los Angeles, CA 90067.

On November 30, 2015, I served the foregoing document(s) described as **NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties, addressed as follows:

| | |
|---|---|
| Alexander B. Trueblood, Esq.<br>Trueblood Law Firm<br>10940 Wilshire Blvd., Suite 1600<br>Los Angeles, CA 90024<br>Phone:     (310) 443-4139<br>Fax:         (310) 943-2255<br>E-Mail:    alec@hush.com<br><br>*Attorney for Plaintiff, Laura Ballegeer* | Stephanie Berman Schneider, Esq.<br>Howard Smith, Esq.<br>Berman Berman Berman Schneider & Lowary, LLP<br>11900 West Olympic Boulevard, Suite 600<br>Los Angeles, CA 90064<br>E-Mail:    hjsmith@b3law.com<br><br>*Attorneys for Defendant, Motion Respossessors, Inc.* |

[x]   **BY MAIL** - by placing [x] a true and correct copy [] the original thereof enclosed in a sealed envelope with postage thereon fully prepaid in the firm's outgoing mail. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. It is deposited with United States Postal Service on that same day in the ordinary course of business.

[]   BY ON TRAC - by placing [] a true and correct copy [] the original thereof enclosed in a sealed envelope for delivery via On Trac next day delivery to the addressee noted above.

[ ]   BY E-MAIL - by causing a true copy thereof to be electronically transmitted to the addressee on this date before 5:00 p.m., by using his e-mail address indicated above.

[x]   **STATE**: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 30, 2015, at Los Angeles, California.

                                                                                 /s/ Melanie Yuen
                                                                                 Melanie Yuen