1  DARRYL J. HOROWITT  #100898
   JUDITH M. SASAKI  #119442
2  COLEMAN & HOROWITT, LLP
   Attorneys at Law
3  1880 Century Park East, Suite 404
   Los Angeles, California 90067
4  Telephone:  (310) 286-0233
   Facsimile:  (310) 203-3870
5  E-Mail:     dhorowitt@ch-law.com
               jsasaki@ch-law.com
6

7  Attorneys for Defendant,
   WELLS FARGO DEALER SERVICES,
8  a Division of WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA BALLEGEER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MOTION REPOSSESSORS, INC., WELLS FARGO BANK, N.A., and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | NO.  15-CV-7707-JAK-GJS<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>Date:  March 21, 2016<br>Time:  8:30 a.m.<br>Ctrm:  750<br><br>Complaint filed:  October 5, 2015 |

1

## I. SUMMARY OF ARGUMENT

Plaintiff 's Opposition Papers do not justify Plaintiff's failure properly to plead a claim against Defendant Wells Fargo Dealer Services ("Wells Fargo") under the Rosenthal Act. As established in the moving papers, in order to state a viable claim:

(1) Plaintiff must allege that she and Wells Fargo entered into a "consumer credit transaction." Here, Plaintiff is forced to admit that no such transaction exists, Opp. Brf. P.1:5, **or**;

(2) Plaintiff must allege that Wells Fargo, itself, engaged in unlawful harassment and oppression of Plaintiff when attempting to collect monies based on the consumer debt transaction between Wells Fargo Plaintiff's father after his death. Here, Plaintiff admitted that any and all allegedly unlawful collection activity was done by Defendant Motion Repossessors Inc. Compl. ¶¶24-30.

Plaintiff has not presented any reliable legal support for the proposition that Wells Fargo, a bank she never had a deal with, owes her any obligation or duty regarding a loan it had with someone else. To the contrary, Plaintiff admits that she was never a party to the consumer credit transaction at issue and that Wells Fargo was not the entity that engaged in unlawful collection activity.

This is a simple case in which a car financed by Wells Fargo was repossessed after the borrower defaulted and before probate. Plaintiff's status as beneficiary of an estate which includes the car is of no consequence. Under the circumstances, it is clear that Plaintiff's Complaint as against Wells Fargo is not viable and can not be fixed. Accordingly, the motion should be granted without leave to amend.

/ / /

/ / /

/ / /

## II. PLAINTIFF HAS FAILED TO IDENTIFY ANY LEGAL BASIS FOR HER CLAIMS AGAINST WELLS FARGO

### 1. The Rosenthal Act Only Applies to Debt Collectors Attempting to Collect a Debt Arising from a Consumer Credit Transaction

The Rosenthal Act only applies to debt collectors attempting to collect a debt arising from a consumer credit transaction. *See, e.g.*, Civ. Code §§ 1788.13 ("No debt collector shall collect … a consumer debt by …") Section 1788.2(e) defines a "consumer credit transaction" as "a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person … ." Likewise, section 1788.2(f) defines "consumer debt" as "money, … due or owing … by reason of a consumer credit transaction."-Plaintiff never entered into a "consumer credit transaction" with Well Fargo. As such Wells Fargo has no contractual obligation or duty to Plaintiff.

### A. Plaintiff Has Miscited the Gonzales Case, Which is Entirely Inapposite

The decision in *Gonzales v. Arrow Financial Services* (9th Cr. 2011) 660 F.3d 1055, 1065 is not even remotely applicable here – and does not stand for the proposition that any person has standing to initiate litigation under the Rosenthal Act. In *Gonzales*, Arrow Financial Services, a collection agency, purchased the debts of 40,000 California residents. All of the debts were "obsolete" because they were more than seven years old. In 2004, Arrow attempted to collect these debts by sending identical form letters to the debtors who were California residents. The letters informed each person of a past due balance owed, and offered to settle the debt for half of the outstanding amount if paid by a specified date. The letter contained three references to credit bureaus, and stated that if Arrow reported the debt, it would notify the bureaus once the settlement funds cleared. The letters also informed the recipient that failure to fulfill obligations may result in negative

information being sent to credit reporting agencies. The line quoted by Plaintiff in her brief is part of a discussion regarding whether debt collectors can be subject to class actions.[1] It has no application to this case.

### 2. **There is No Vicarious Liability For Wells Fargo Resulting From A Debt Collector's (Defendant Motion Repossessors Inc.'s) Misconduct**.

According to the Complaint, all purportedly wrongful and harassing debt collection tactics were by Motion Repossessors, Inc. and **not** Wells Fargo. Complaint, ¶¶24-30; Opp Brf. p.4. It is well established that creditors are not vicariously liable under the Federal FDCPA for a debt collector's misconduct. *Havens-Tobias v. Eagle* (SD OH 2001) 127 F.Supp.2d 889, 898; *Conner v. Howe* (SD IN 2004) 344 F.Supp.2d 1164, 1170; *see also Scally v. Hilco Receivables*, LLC (ND IL 2005) 392 F.Supp.2d 1036, 1040-1041 (buyer of credit card debt not vicariously liable for debt collector's Federal FDCPA violation). And, as acknowledged by Plaintiff, the Rosenthal Act expressly subjects creditors to the substantive rules and remedies of the of the Federal FDCPA. *See* Civil Code Section 1788.17. Opp. Brf.

---

[1] A full text of the quote cited by Plaintiff is as follows: "By use of the phrase "notwithstanding any other provision," the 1999 amendment unambiguously supercedes any provision of the Rosenthal Act inconsistent with the referenced provisions of the FDCPA, including those subjecting debt collectors to class actions. The 1999 amendment did not delete the "individual action" provision, but by permitting class actions, it nullified the provision's effect. Further, the legislative history contains ample evidence that the 1999 amendment was intended to permit class actions. *Gonzales v. Arrow Fin. Servs., LLC* (9th Cir. 2011) 660 F.3d 1055, 1065.

### 3.  **Plaintiff's Purported Immediate Inheritance of the Car Upon the Death of Her Father Does Not Help**

The contention that Plaintiff inherited the car by operation of law under the probate close at the moment of her father's death does not make Plaintiff a party to a consumer credit transaction with Wells Fargo. Plaintiff admits the car was repossessed before probate proceedings were initiated — and before Plaintiff ever became the personal administrator of the Estate of Ronald Ballegeer[2]. Opp. Brf., p.2:26-3:17; Plaintiff's Request For Judicial Notice Exhs. 1 and 2.  Prior to Plaintiff's appointment as a personal representative for the Estate, Wells Fargo had no duty to Plaintiff.  By the time probate was opened the car had already been repossessed. *Id*.  That a probate was opened is thus irrelevant.

For the foregoing reasons, and because Plaintiff has conceded facts which establish that her claims can not be amended, Wells Fargo respectfully requests that the Motion to Dismiss be granted without leave to amend.

Dated:  January 4, 2016            COLEMAN & HOROWITT, LLP


                                    By:   */s/* Judith M. Sasaki
                                          JUDITH M. SASAKI
                                          Attorneys for Defendant,
                                          WELLS FARGO DEALER
                                          SERVICES, a Division of WELLS
                                          FARGO BANK, N.A.

---

[2]  Plaintiff did not bring this action in her capacity as the personal administrator.  To the extent statements were made by Wells Fargo to Plaintiff, the complaint makes clear they were made to her personally not as administrator.  Apparently, Plaintiff understands and acknowledges that because no purportedly unlawful actions took place after probate proceedings were initiated or since she has been appointed as administrator of the Estate, she, in her capacity as administrator of her father's estate, has no claim on behalf of the Estate.