UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV15-07707 JAK (GJSx) | | Date | March 2, 2016 |
|---|---|---|---|---|
| Title | Laura Ballegeer v. Motion Repossessors, Inc., et al. | | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANT WELLS FARGO, N.A.'S MOTION TO DISMISS (DKT. 17)

### I.   Introduction

Laura Ballegeer ("Plaintiff") brought this action against Motion Repossessors, Inc. ("Motion Repossessors") and Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, "Defendants"). Dkt. 1. The Complaint arises out of the repossession of an automobile that Plaintiff was using at the time. Plaintiff's father had purchased the automobile through financing provided by Wells Fargo. Plaintiff began using the automobile after her father's death. The Complaint advances three causes of action: (i) Violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; (ii) Violations of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 *et seq.*; and (iii) Conversion. The first cause of action is brought against Motion Repossessors, and the second and third causes of action are brought against both Defendants.

On November 30, 2015, Wells Fargo filed a Motion to Dismiss ("Motion") for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Dkt. 17. Plaintiff opposed and Wells Fargo replied. Dkt. 20, 22. A hearing on the Motion was held on February 29, 2016, and the matter was taken under submission. Dkt. 27. For the reasons stated in this Order, the Motion is **DENIED**.

### II.   Factual Background

The Complaint alleges that Plaintiff's father purchased the automobile, using a loan provided by Wells Fargo. Dkt. 1, ¶ 1. The vehicle served as collateral for the loan. *Id.* The Complaint asserts that, after Plaintiff's father passed away, Plaintiff was an heir to his estate. *Id.* The Complaint alleges that Plaintiff informed Wells Fargo of the death of her father, and of her intent to pay off the balance due on the loan once probate was completed. *Id.* The Complaint alleges that Wells Fargo assured Plaintiff that it would not repossess the vehicle before the probate proceedings were completed so that Plaintiff would have the necessary documents naming her as an heir to her father. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-07707 JAK (GJSx) | Date | March 2, 2016 |
|---|---|---|---|
| Title | Laura Ballegeer v. Motion Repossessors, Inc., et al. | | |

The Complaint alleges that, notwithstanding these assurances, Wells Fargo then hired Motion Repossessors, whose business includes the repossession of vehicles that are security for delinquent loans, to take possession of the vehicle. *Id.* It also alleges that Wells Fargo did so without informing Plaintiff, and notwithstanding its aforementioned commitments. *Id.* Motion Repossessors then allegedly entered Plaintiff's secured and gated residential apartment complex, without permission, in order to repossess the vehicle. *Id.* ¶ 2. The Complaint alleges that Motion Repossessors also took possession of some of Plaintiff's personal belongings, which were then inside of the vehicle. *Id.* ¶ 3.

The Complaint next alleges that Plaintiff went to Motion Repossessors to retrieve her personal belongings. *Id.* However, Motion Repossessors allegedly refused to allow Plaintiff to have access to the vehicle and her personal property that had been inside of it at the time of its repossession, unless she signed a waiver of any legal claims against Defendants. *Id.* The Complaint alleges that Plaintiff initially refused to sign the waiver, but ultimately did so because it was the only means to recover her personal belongings. *Id.* The Complaint alleges that Motion Repossessors then refused to allow Plaintiff to look at her possessions on its premises. *Id.* ¶ 4. Instead, Motion Possessors allegedly took Plaintiff's possessions to its gate and dumped them in the street. *Id.* It is also alleges that Motion Repossessors accused Plaintiff of trespassing on its property, and threatened to have her arrested. *Id.*

The Complaint alleges that after the vehicle was repossessed, Plaintiff called Wells Fargo and requested that she be allowed to reinstate the loan agreement. *Id.* ¶ 5. In response, Wells Fargo allegedly told Plaintiff that she could not do so. *Id.* However, the Complaint alleges that Wells Fargo later sent a written notice informing Plaintiff that she could do so. *Id.* The Complaint alleges that Plaintiff ultimately reinstated the loan agreement, but in order to do so she was required to reimburse Wells Fargo for the amounts that it had paid to Motion Repossessors for the repossession of the vehicle. *Id.*

### III. Analysis

#### A. Legal Standard

Fed. R. Civ. P. 8(a) requires that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." A party may move to dismiss a claim for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility is achieved when the pleadings contain factual elements that allow the court to draw a reasonable inference that misconduct occurred. *Id.* Dismissal is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Thus, where a set of facts, even if true, would not entitle the plaintiff to relief, dismissal is appropriate. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In deciding a Rule 12(b)(6) motion, a court must assume that allegations in the challenged complaint are true and construe the complaint in the light most favorable to the non-moving party. *Cahill v. Liberty Mut.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-07707 JAK (GJSx) | Date | March 2, 2016 |
| Title | Laura Ballegeer v. Motion Repossessors, Inc., et al. | | |

*Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). In addition to the allegations of the complaint, a court may consider exhibits attached to it, documents whose contents are alleged in the complaint whose authenticity is not questioned, and matters that may be judicially noticed pursuant to Fed. R. Evid. 201. *Stewart v. Wachowski*, 2005 WL 6184235, at *3 (C.D. Cal. June 14, 2005). However, a court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). "If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

    **B.    Application**

        1.    <u>Standing Under the Rosenthal Act</u>

Wells Fargo contends that the Rosenthal Act applies only to debtors having "consumer debt," resulting from a "consumer credit transaction." From this premise it argues that Plaintiff cannot state a claim under the statute because the Complaint alleges neither that she acquired a "consumer debt" nor that she entered into a "consumer credit transaction." Dkt. 17 at 4-6.

Plaintiff responds that when the Rosenthal Act was amended in 1999, it was expanded to provide standing to "any person" subjected to certain prohibited practices. Dkt. 20 at 6. Specifically, Plaintiff relies on the addition of § 1788.17, and argues that it abrogated the prior provisions in the Rosenthal Act that limited standing to debtors.

           a)    Rosenthal Act § 1788.17

The purpose of the Rosenthal Act is to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts . . . ." Cal. Civ. Code § 1788.1(b). Section 1788.17, which as noted was adopted through an amendment in 1999, states "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive[] of, and shall be subject to the remedies in Section 1692k of [the FDCPA]." *Id.* § 1788.17. Section 1692k provides that, "[e]xcept as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person . . . ." 15 U.S.C. § 1692k(a).

The Ninth Circuit has interpreted the phrase "notwithstanding any other provision of this title" in § 1788.17. It concluded that it means that the section "super[s]edes any provision of the Rosenthal Act inconsistent with the referenced provisions of the FDCPA . . . ." *Gonzales v. Arrow Fin. Servs., LLC,* 660 F.3d 1055, 1065 (9th Cir. 2011); *see also Riggs v. Prober & Raphael*, 681 F. 3d 1097, 1100 (9th Cir. 2012) ("The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-07707 JAK (GJSx) | Date | March 2, 2016 |
| Title | Laura Ballegeer v. Motion Repossessors, Inc., et al. | | |

makes available the FDCPA's remedies for violations. *Id.* § 1788.17. Thus, for purposes of this case, whether a validation notice violates the Rosenthal Act turns on whether it violates the FDCPA."). In applying this rule, courts have concluded that where there is standing to assert a claim under FDCPA §§ 1692b through 1692j, there is also standing to assert the same claim under the Rosenthal Act. *See, e.g.*, *Shannon v. Windsor Equity Grp., Inc.*, 2014 WL 977899, at *11 (S.D. Cal. March 12, 2014) ("Applying the transitive property, if an individual has standing to assert a claim under Sections 1692b to 1692j under the FDCPA, that individual must also having standing to assert a claim under the Rosenthal Act."); *Crockett v. Rash Curtis & Assocs.*, 929 F. Supp. 2d 1030, 1032-33 (N.D. Cal. 2013). Therefore, an analysis of standing under the FDCPA is necessary to determine Plaintiff's standing under the Rosenthal Act.

        b)        Standing Under the FDCPA

As previously stated, the FDCPA provides that "[e]xcept as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person . . . ." 15 U.S.C. § 1692k(a). The Ninth Circuit has interpreted this section broadly. *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982) (the text of § 1692k and its legislative history support interpreting the statute broadly to provide standing regardless of whether a valid debt exists). It has not specifically addressed whether § 1692k permits non-debtors to sue under the FDCPA. However, other Circuits have concluded that the phrase "any person" in § 1692k applies to both debtors and non-debtors who are aggrieved under the statute. *See, e.g.*, *Rawlinson v. Law Office of William M. Rudow, LLC*, 460 F. App'x 254, 257 (4th Cir. 2012) (unpublished) (consumer in possession of vehicle, though not the debtor, could sue for FDCPA violations because "any aggrieved party, not just a debtor, may bring an action under the statute"); *Wright v. Fin. Serv. of Norwalk, Inc.*, 22 F.3d 647, 649–50 (6th Cir. 1994) ("[A]bsent a limitation in the substantive provisions, the ordinary and common understanding of § 1692k is that any aggrieved party may bring an action under § 1692e."); *cf. Dunham v. Portfolio Recovery Assocs., LLC*, 663 F. 3d 997, 1002 (8th Cir. 2011) (FDCPA phrase "any natural person obligated or allegedly obligated to pay any debt" includes non-debtors who were subject to the wrongful conduct); *Beck v. Maximus, Inc.*, 457 F. 3d 291, 294 (3d Cir. 2006) ("[The FDCPA] is intended to protect both debtors and non-debtors from misleading and abusive debt-collection practices.").

These decisions are consistent with the broad remedial purpose of the FDCPA, which is to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). "Thus, in an effort to eliminate abusive debt collection practices, Congress opted to focus on the debt collector's misconduct, granting standing to the recipient or target of the violative conduct. Courts have repeatedly rejected challenges to standing under the FDCPA and upheld the right of a plaintiff to obtain relief for FDCPA violations . . . ." *Wyatt v. Creditcare, Inc.*, 2005 WL 2780684, at *3 (N.D. Cal. Oct. 25, 2005).

In light of the language of § 1692k, as well as the persuasive effect of the foregoing cases, it is appropriate to conclude that standing under the FDCPA, and consequently § 1788.17 of the Rosenthal Act, is not limited to persons who are actual debtors.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-07707 JAK (GJSx) | Date | March 2, 2016 |
|---|---|---|---|
| Title | Laura Ballegeer v. Motion Repossessors, Inc., et al. | | |

c)   Alleged Violations of FDCPA

Despite the broad interpretation of "any person" in § 1692k, its application may be limited by the specific substantive provisions of the FDCPA. *Rawlinson*, 460 F. App'x at 257; *Wright*, 22 F.3d at 649-50. Thus, whether a non-debtor has standing to sue under a specific provision of the FDCPA depends on the limitations, if any, set forth there. Plaintiff contends that Wells Fargo violated the following FDCPA provisions:

- § 1692d, through vicarious liability, due to Motion Repossessors "manhandle[ing]" Plaintiff out of its office, and throwing her possessions on the street to humiliate her, and telling Plaintiff she was trespassing and falsely threatening to have her arrested;
- § 1692e by falsely promising Plaintiff it would not repossess the vehicle and later falsely telling Plaintiff she had no right to reinstate the contract after repossession; and, through vicarious liability, for Motion Repossessors' threat to have Plaintiff arrested; and
- § 1692f, through vicarious liability, due to Motion Repossessors' "unconscionable" conduct in forcing Plaintiff to sign a waiver of all legal rights before being allowed to retrieve her personal possessions from the vehicle.

Dkt. 20 at 5-6; Dkt. 1, ¶¶ 20-32. Plaintiff's standing under each of these provisions is addressed in this sequence.

Section 1692d provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Because this provision applies to "any person," its application is not limited to debtors. *See Rawlinson*, 460 F. App'x at 258 ("Thus, by its express terms, *any person*—not just any debtor—who is the subject of abusive debt collection efforts may bring suit pursuant to § 1692d." (emphasis in original)); *Shannon*, 2014 WL 977899, at *11 (non-debtor has standing to assert FDCPA and Rosenthal Act claims pursuant to § 1692d). Therefore, Plaintiff has standing to assert a claim pursuant to § 1692d, and consequently has standing to assert a claim for a violation of the Rosenthal Act § 1788.17 predicated on the alleged violation of § 1692d.

Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This provision does not contain the "any person" language. However, it also does not include any additional limiting language. Instead, it states a broad prohibition on conduct by debt collectors, which "courts have properly interpreted [] to mean that 'any aggrieved party' may bring an action under the provision." *Rawlinson*, 460 F. App'x at 258 (citing *Montgomery v. Huntington Bank*, 346 F.3d 693, 697 (6th Cir. 2003) (quoting *Wright*, 22 F.3d at 649–50)). Because the Complaint alleges that Plaintiff is an aggrieved party under § 1692e, she has standing to assert a claim based on this provision under both the FDCPA and the Rosenthal Act.

Finally, § 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Like § 1692e, this section contains neither the "any person" language, nor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-07707 JAK (GJSx) | Date | March 2, 2016 |
|---|---|---|---|
| Title | Laura Ballegeer v. Motion Repossessors, Inc., et al. | | |

limiting language. "Consequently, as under § 1692e, any person who has been harmed by an unfair or unconscionable debt collection practice has standing to bring a claim under § 1692f." *Rawlinson*, 460 F. App'x at 258.

     d)  Non-FDCPA Claims

Plaintiff asserts three other claims under the Rosenthal Act, none of which is predicated on a violation of the FDCPA. These are violations of §§ 1788.10(a),1788.10(f) and 1788.33. Dkt. 1, ¶¶ 24-26. However, Plaintiff's Opposition to the present Motion clarifies that none of these claims is made against Wells Fargo; all are made only against Motion Repossessors. Dkt. 20 at 5-6, 8. Because the present Motion has been brought only by Wells Fargo, the issue as to the proper scope of these statutory claims against Motion Repossessors has not been presented.

     *    *    *

For the foregoing reasons, Plaintiff has standing as an "aggrieved person" to assert claims against Wells Fargo pursuant to the Rosenthal Act § 1788.17, which are predicated on alleged violations of the FDCPA. Therefore, the Motion is **DENIED** as to the Rosenthal Act claim.

     e)  Vicarious Liability

In its Reply, Wells Fargo argues that creditors may not be vicariously liable under the FDCPA for the alleged misconduct of a debt collector that has been engaged by the creditor to enforce the terms of a loan agreement to which the creditor is party. Dkt. 22 at 4. The FDCPA is silent on the issue of vicarious liability. The Ninth Circuit has addressed the issue in two cases. *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507, 1516 (9th Cir. 1994), held that a debt collector may be vicariously liable for the acts of its attorney. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006), presented the issue whether an attorney could have vicarious liability for the acts of a debt collector client. *Clark* declined to conclude that the attorney had vicarious liability. It did so after stating that vicarious liability is premised on basic agency principles, and the plaintiff had not offered any evidence to show that the attorney was a "principal" who exerted control over the conduct of the client. *Id.* at 1173. It is significant that *Clark* did not hold or state that an attorney, or other non-debt collector, could never be vicariously liable for violations of the FDCPA. Instead, a reasonable inference to be drawn from the opinion is that where a plaintiff adequately pleads an agency relationship, a non-debt collector may have such liability under the FDCPA.

California district courts have reached different outcomes in applying *Fox* and *Clark*. Some have concluded that vicarious liability may only be imposed on "principals who themselves are statutory 'debt collectors.'" *Oei v. N. Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1097 (C.D. Cal. Nov. 13, 2006); *see also Gold v. Midland Credit Mgmt., Inc.*, 82 F. Supp. 3d 1064, 1072-73 (N.D. Cal. 2015); *Miranda v. Field Asset Servs.*, 2013 WL 124047, at *4 (S.D. Cal. Jan. 9, 2013); *Breidenbach v. Experian*, 2013 WL 1010565, at *3-4 (S.D. Cal. March 13, 2013). However, others have not applied this limitation. *Huy Thanh Vo v. Nelson & Kennard*, 931 F. Supp. 2d 1080, 1088-90 (E.D. Cal. 2013) held that *Fox* and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-07707 JAK (GJSx) | Date | March 2, 2016 |
|---|---|---|---|
| Title | Laura Ballegeer v. Motion Repossessors, Inc., et al. | | |

*Clark* establish that vicarious liability may be imposed where an agency relationship is established, even if the principal is not a debt collector. Based on that reasoning, *Huy* then concluded that, although U.S. Bank was not a debt collector under the FDCPA, it could be held vicariously liable for alleged violations of the statute by its attorneys when they allegedly acted on its behalf. *Id. See also Kniley v. Citibank, N.A.*, 2015 WL 1535668, at *4 (N.D. Cal. Apr. 6, 2015) ("[T]his order declines to hold that a creditor *not* qualifying as a "debt collector" may *never* be held liable under the FDCPA." (emphasis in original)); *Bottoni v. Sallie Mae, Inc.*, 2011 WL 2293226, at *6 (N.D. Cal. June 8, 2011) (where agency relationship properly pleaded, creditor Sallie Mae could be held vicariously liable for conduct of debt collectors).

Because there is no controlling authority on the issue, its resolution is deferred. The issue may be considered anew based on the presentation of a factual record as to the nature of the principal-agent relationship, if any, between Wells Fargo and Motion Repossessors. Therefore, the Motion is **DENIED** without prejudice to such a later consideration.

  2. <u>Conversion Claim</u>

    a) Legal Standard

Under California law, to establish a claim for conversion, a plaintiff must show "(1) his ownership of or right to possess the property at the time of the conversion, (2) that the defendant disposed of the plaintiff's property rights or converted the property by a wrongful act, and (3) damages." *Bank of N.Y. v. Fremont Gen. Corp.*, 523 F.3d 902, 914 (9th Cir. 2008). A plaintiff must have a claim to the ownership at the time of the alleged conversion. *Baldwin v. Marina City Props., Inc.*, 79 Cal. App. 3d 393, 410 (1978) (sustaining demurrer because plaintiff -- owner of a security interest -- did not adequately allege title or right to possession and damages). However, "[n]either legal title nor absolute ownership of the property is necessary." *Farmers Ins. Exch. v. Zerin*, 53 Cal. App. 4th 445, 452 (1997). Rather, a plaintiff must only allege that he or she was "entitled to immediate possession at the time of conversion." *Bastanchury v. Times-Mirror Co.*, 68 Cal. App. 2d 217, 236 (1945) (emphasis omitted).

    b) Application

Wells Fargo challenges only the first element of the present conversion claim, *i.e.*, the ownership or right to possession of the vehicle. Dkt. 17 at 6. Wells Fargo argues that Plaintiff cannot satisfy this element because she was not shown on the title to the vehicle, did not purchase the vehicle and did not borrow from Wells Fargo with the intent to purchase it. Plaintiff argues that she has sufficiently demonstrated a basis for ownership. She claims that, at the time of the relevant conduct, as a matter of law she was the legal owner of the vehicle as a result of her father's death. Dkt. 20 at 9. Alternatively, Plaintiff argues that she had a right to possession of the vehicle because she was an heir to his estate. *Id.* at 10.

Cal. Prob. Code § 7000 provides that subject to the administration of probate, "title to a decedent's property passes on the decedent's death to the person to whom it is devised in the decedent's last will or, in the absence of such a devise, to the decedent's heirs as prescribed in the laws governing intestate succession." Under California law, the estate of the decedent vests in the heirs immediately upon the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-07707 JAK (GJSx) | Date | March 2, 2016 |
|---|---|---|---|
| Title | Laura Ballegeer v. Motion Repossessors, Inc., et al. | | |

death, subject to confirmation in the probate proceedings. *Noble v. Beach*, 21 Cal. 2d 91, 94 (1942). The Complaint alleges that Plaintiff was an heir to her father's estate. Dkt. 1, ¶ 1. This is a sufficient allegation of facts which, if established later in these proceedings, would support Plaintiff's claim to have held an ownership interest in the vehicle at the time it was repossessed. *See Ito v. Brighton/Shaw, Inc.*, 2008 WL 686128, at *6 (E.D. Cal. March 13, 2008) ("It is undisputed that Plaintiffs are the surviving heirs, the widow and/or children, of Ito and Miyoshi. Miyoshi died on December 23, 1999. At that point, his daughters, Plaintiffs Kimiko Miyoshi Price and Michiko Morinaga, immediately succeeded in interest as the rightful owners of Miyoshi's share of the units by operation of law. Accordingly, they were entitled to possession of the units as of December 23, 1999. As the alleged conversion took place in March 2002, there is no question that Plaintiff-heirs of Miyoshi may maintain an action for conversion."); *Adler v. Taylor*, 2005 WL 4658511, at *3 (C.D. Cal. Feb. 2, 2005) (allegations that plaintiffs had rightful ownership of painting as heirs to former owner are sufficient to state a claim for conversion).

For these reasons, the Motion is **DENIED** as to Plaintiff's conversion claim; provided, however, this is without prejudice to a later review of this issue following the development of an appropriate factual record.

**IV.** **Conclusion**

For the reasons stated in this Order, the Motion is **DENIED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |